IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DALE HOLLOBAUGH | : | |
| | : | CASE #  2:21-cv-69 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT JACOBS, | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

The Plaintiff, DALE HOLLOBAUGH, by and through his Attorney, TIMOTHY P. O'BRIEN, ESQUIRE and THE LAW OFFICES OF TIMOTHY P. O'BRIEN, files this Complaint as follows:

## JURISDICTION AND VENUE

1. This action is brought under the Fourth Amendment to the United States Constitution pursuant to the Civil Rights Act of 1871, as amended, 42 U.S.C. § 1983. This Court has jurisdiction over these claims under 28 U.S.C. §§ 1331 and 1343(a)(3) and (4).

2. Venue is proper pursuant to 28 U.S.C. § 1391(b) because each claim arose in Fayette County, Pennsylvania in the Western District of Pennsylvania.

## PARTIES

3. Mr. Hollobaugh is an adult individual residing in the Commonwealth of Pennsylvania.

4.  Robert Jacobs is an adult individual employed as a "Trooper" with the Pennsylvania State Police (the "PSP"), who, at all relevant times, was assigned to PSP Belle Vernon.  Jacobs was acting under color of state law.  He is sued in his individual capacity.

**FACTS**

5.  On June 11, 2019, at approximately 6:45 PM, Plaintiff was lawfully operating his privately owned Peterbilt Truck Tractor along Interstate 70 (I-70) eastbound, near exit ramp 40;

6.  As Plaintiff traveled eastbound on I-70, a black SUV which was stopped on the berm adjoining I-70, suddenly, without signal or other warning, pulled directly in front of Plaintiff's vehicle, causing Plaintiff to slam on his brakes, and take other evasive action to avoid crashing into the SUV;

7.  The black SUV after entering I-70, then continued eastward on I-70 a short distance before it pulled to the side of the road at or about at the intersection of I-70 and exit ramp 40;

8.  Plaintiff, unsure as to whether his vehicle struck the black SUV, followed the black SUV.  Plaintiff stopped his vehicle directly behind the black SUV at or about I-70 and the exit ramp 40;

9.  Plaintiff exited his vehicle and walked towards the driver's side door of the black SUV. The operator of that vehicle exited suddenly, and immediately without warning or cause, assaulted the plaintiff, striking plaintiff in the chest;

10. The Defendant, Robert Jacobs, was the operator of the black SUV, who was on duty, in uniform, as a PSP Trooper;

11.     Prior to the Defendant Jacobs exiting the black SUV, Plaintiff was unaware that the operator of the vehicle was a Pennsylvania State Trooper and/or that the black SUV was a police vehicle;

12.     Jacobs ordered Plaintiff to move to the front of the SUV, and as Plaintiff attempted to comply with that order, Jacobs, without warning or cause, tasered plaintiff, causing him to fall helplessly to the ground, violently striking his head, face and shoulders on the pavement;

13.     Jacobs' use of force in tasering the Plaintiff was unnecessary, unreasonable, and was not justified by any act or conduct on the part of the Plaintiff;

14.     Jacobs falsely charged Plaintiff with numerous unsupported serious criminal offenses including, resisting arrest, reckless endangerment, and misdemeanor disorderly conduct;

15.     After Plaintiff crashed to the ground, Jacobs placed his knee in Plaintiff's back, and then forcibly handcuffed Plaintiff with his arms behind his back;

16.     Plaintiff immediately complained of severe pain in his back and shoulders from the manner in which he was handcuffed; instead of readjusting the handcuffs, Jacobs, used the handcuffs as leverage, to violently yank Plaintiff from the ground, causing him additional severe pain in his back and shoulders;

17.     Plaintiff was transported from the scene of the arrest to the PSP Barracks at Belle Vernon, Pennsylvania, where he was detained, and subsequently released on a $25,000 unsecured bond;

18. Defendant Jacobs falsely charged Plaintiff with criminal offenses he did not commit including resisting arrest, reckless endangerment, and misdemeanor disorderly conduct;

19. As a direct result of the Defendant's conduct as hereinbefore described, Plaintiff sustained injuries to his head, face, neck, shoulders, and back for which he has received and/or may require additional medical treatment in the future;

20. As a direct result of Defendant's conduct hereinbefore described, Plaintiff suffered severe emotional distress, embarrassment and humiliation, for which he has received and/or may require additional medical, psychological/psychiatric treatment in the future;

## CAUSES OF ACTION:

### I. VIOLATION OF PLAINTIFF'S 4TH AMENDMENT RIGHTS TO BE FREE FROM EXCESSIVE FORCE

21. Plaintiff incorporates herein by reference paragraphs 1 through 20 as if set forth at length herein;

22. The actions of the Defendant as hereinbefore described, violated the Plaintiff's rights to be free from unreasonable and excessive force in violation of the Plaintiff's rights protected under the 4th amendment to the United States Constitution and is made actionable against this Defendant pursuant to 42 U.S.C. Subsec. 1983

WHEREFORE, Plaintiff requests judgment in his favor for compensatory and/or punitive damages, and for the recovery of costs and attorney's fees, and for such other relief as the court deems just and equitable under the circumstances.

Respectfully submitted:

<u>/s/ Timothy P. O'Brien</u>
PA ID# 22104

Law Office of Timothy P. O'Brien
Henry W. Oliver Building
535 Smithfield Street, Suite 1025
Pittsburgh, PA  15222
 (412) 232-4400

Attorney for Plaintiff