IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DALE HOLLOBAUGH, | : | |
| Plaintiff | : | No. 2:21-CV-69 |
| | : | |
| v. | : | Judge Ranjan |
| | : | |
| ROBERT JACOBS, | : | Electronically Filed Document |
| Defendant | : | *Complaint Filed 01/14/21* |

<u>ANSWER BY DEFENDANT ROBERTS TO THE COMPLAINT
WITH AFFIRMATIVE DEFENSES</u>

Defendant Jacob Roberts[1], by and through counsel, hereby files this answer with affirmative defenses in response to the complaint filed by Dale Hollobaugh. (Doc. 1).

<u>JURISDICTION AND VENUE[2]</u>

1.      This allegation is a conclusion of law to which no response is required. To the extent that any facts are alleged against the Defendant, such are DENIED.

2.      This allegation is a conclusion of law to which no response is required. To the extent that any facts are alleged against the Defendant, such are DENIED.

<u>PARTIES</u>

3.      After a reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the details contained within Paragraph 3. Therefore, these allegations are DENIED.

4.      ADMITTED in part and DENIED in part. It is ADMITTED that Defendant Roberts, during all relevant times, was an employee of the Pennsylvania State Police and was

---

[1] The Complaint lists Defendant's name as "Robert Jacobs." However, Defendant's name is "Jacob Roberts." Defendant acknowledges that Robert Jacobs and Jacob Roberts refer to the same person.
[2] Defendant reasserts the same headings used in the original Complaint; however, to the extent that the headings were intended to make averments, the headings are conclusions of law to which no response is require, and, as such, they are denied.

working out of Belle Vernon. The remainder of this allegation is a conclusion of law to which no response is required. To the extent that any facts are alleged against the Defendant, such are DENIED.

FACTS

5.     ADMITTED in part and DENIED in part. It is ADMITTED that Plaintiff was traveling along Interstate 70 (I-70) eastbound, near exit ramp 40 on June 11, 2019 at approximately 6:45 PM. The remainder of these allegations is DENIED.

6.     ADMITTED in part and DENIED in part. It is ADMITTED that Defendant was stopped on the side of I-70 and carefully pulled out onto the highway using his turn signal. It is specifically denied that Defendant pulled directly in front of Plaintiff's vehicle. The remainder of these allegations is DENIED.

7.     ADMITTED.

8.     ADMITTED in part and DENIED in part. It is ADMITTED that Plaintiff stopped behind Defendant's SUV, parking at an angle in which Plaintiff's vehicle blocked exit ramp 40 and the end of his vehicle partially protruded into traffic. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of details contained within Paragraph 8. Therefore, the remainder of these allegations is DENIED.

9.     ADMITTED in part and DENIED in part. It is ADMITTED that Plaintiff exited his vehicle and walked towards the driver's side door of the black SUV. The remainder of these allegations is DENIED.

10.     ADMITTED.

11.     After a reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the details contained within Paragraph 11. Therefore, these allegations are DENIED.

12.     ADMITTED in part and DENIED in part. It is ADMITTED that Defendant ordered Plaintiff to move to the front of Defendant's SUV multiple times for the safety of both Plaintiff and oncoming traffic. It is ADMITTED that, following a warning, Defendant deployed his taser as Plaintiff began walking away from the scene in order to protect both Plaintiff and oncoming traffic. It is further ADMITTED that Plaintiff fell to the ground face first. The remainder of these allegations is DENIED.

13.     This allegation is a conclusion of law to which no response is required. To the extent that any facts are alleged against Defendant, such are DENIED.

14.     ADMITTED in part and DENIED in part. It is ADMITTED that Defendant charged Plaintiff with numerous offenses, including resisting arrest, reckless endangerment, and misdemeanor disorderly conduct. The remainder of these allegations is a conclusion of law to which no response is required. To the extent that any facts are alleged against Defendant, such are DENIED.

15.     ADMITTED in part and DENIED in part. It is ADMITTED that Defendant placed his knee on Plaintiff's mid to lower back and handcuffed Plaintiff with his arms behind his back. The remainder of these allegations is DENIED.

16.     After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the details contained within Paragraph 16. Therefore, these allegations are DENIED. Strict proof will be demanded at the time of trial if the same is material.

17.     ADMITTED.

18.     ADMITTED in part and DENIED in part. It is ADMITTED that Defendant charged Plaintiff with criminal offenses, including resisting arrest, reckless endangerment, and misdemeanor disorderly conduct. The remainder of these allegations is a conclusion of law to which no response is required. To the extent that any facts are alleged against Defendant, such are DENIED.

19.     This allegation is a conclusion of law to which no response is required. To the extent that any facts are alleged against Defendant, such are DENIED.

20.     This allegation is a conclusion of law to which no response is required. To the extent that any facts are alleged against Defendant, such are DENIED.

<u>CAUSE OF ACTION: VIOLATION OF PLAINTIFF'S 4th AMENDMENT RIGHTS TO BE FREE FROM EXCESSIVE FORCE</u>

21.     Defendant incorporates by reference Paragraphs 1 through 20 of this pleading as if fully set forth herein.

22.     These allegations are conclusions of law to which no response is required. To the extent that any facts are alleged against the Defendant, such are DENIED.

<u>AFFIRMATIVE DEFENSES</u>

In addition to the responses provided above, Defendant asserts the following affirmative defenses after incorporating by reference Paragraphs 1 through 22:

23.     The complaint fails to state a claim upon which relief may be granted.

24.     Defendant did not exercise unreasonable or excessive force.

25.     If Defendant violated any rights of the Plaintiff, which is specifically denied, such violations were not arbitrary, willful, intentional, malicious, wanton or reckless.

26.     Defendant acted at all times with the good-faith belief that his conduct was lawful, thus he is immune from liability by virtue qualified immunity.

27.     At no time has the Defendant deprived or sought to deprive Plaintiff of any rights, privileges or immunities secured to him by the Constitution or laws of the United States or this Commonwealth.

28.     Defendant reserves the right to supplement his affirmative defenses as necessary.

WHEREFORE, Defendant respectfully request that this Honorable Court dismiss the complaint in its entirety.

JURY TRIAL DEMANDED

                                                Respectfully submitted,

                                                JOSH SHAPIRO
                                                Attorney General

                                        By:     *Sarah J. Simkin*
                                                SARAH J. SIMKIN
                                                Deputy Attorney General
Office of Attorney General                      Attorney ID: 320646
1000 Madison Avenue, Suite 310
Norristown, PA 19403
Phone: (610) 631-6205                           KAREN M. ROMANO
                                                Chief Deputy Attorney General
ssimkin@attorneygeneral.gov                     Civil Litigation Section

Date: April 5, 2021                             Counsel for Defendant Jacob Roberts