IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DALE HOLLOBAUGH, | ) |
| | ) |
| v. | ) CASE NO. 21-69 |
| | ) |
| JACOB ROBERTS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

The Court hereby grants, in part, Plaintiff's motion for attorneys' fees and costs [ECF 62], with some reduction. The Court agrees with Plaintiff that the lodestar is the appropriate manner to calculate attorneys' fees, and Plaintiff's counsel's hourly rates are reasonable. But the Court also agrees with Defendant that some reductions are in order.

To begin with, Defendant correctly states the standard that governs the Court's review when a party objects to aspects of a fee petition:

> The party seeking attorney's fees has the burden to prove its request is reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). To that end, the petitioner must "submit evidence supporting the hours worked and the rates claimed." *Id.* Once the party opposing the fees raises objections, "the district court has a great deal of discretion to adjust the fee award in light of those objections." *Bell v. United Princeton Properties, Inc.*, 884 F.2d 713, 721 (3d Cir. 1989). A crucial factor in determining whether a fee petition is reasonable are the results obtained by counsel, and a fee award may be adjusted downward to account for limited success: If … a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith. Congress has not authorized an award of fees whenever it was reasonable for a plaintiff to bring a lawsuit or whenever conscientious counsel tried the case with devotion and skill. Again, the

most critical factor is the degree of success obtained. *Hensley*, 461 U.S. at 436 (emphasis added). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. Once the court determines the reasonable hourly rate, it multiplies that rate by the reasonable hours expended to obtain the lodestar. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). The district court can and should deduct hours that are not reasonably expended, and/or when the fee petition inadequately documents the hours claimed. *Id.*

ECF 67 (some internal marks omitted).

After careful review of the submitted time records, and guided by the limited nature of the case and trial (2-day trial, with 3 witnesses and 3 exhibits), as well as the verdict in this case ($10,000 total damages), the Court will make the following eliminations and deductions to the requested attorneys' fees and costs:

### **Attorneys' Fees**

- 8/30/22 entry by Ms. Coleman for "hung jury" research (3.5 hours/ $1750.00): eliminated, as being unnecessary and possibly erroneous in light of the timing between the jury's indication of deadlock and its eventual verdict.
- 7/6/21 entry by Mr. O'Brien for email "to client for legal bills" (.2 hours/$130.00): eliminated, as billing or collection communications are not properly awardable.
- 8/11/22 entry by Mr. Wright for "Strategy meeting with SMB. Call with client" (3.0 hours/$1200.00): reduced to .3 hours/$120. The 3.0 hours appears to be a typographical error, and .3 hours is aligned with the time sheet of SMB.
- 8/25/22 – 8/28/22 entries by Mr. Wright for "prepare for trial" (aggregate time of 60.2 hours/$27,090): reduced by 50% to $13,545. The requested time is excessive in light of the prior time entries for trial preparation and the limited nature of the trial.
- 8/30/22 entry by Mr. Wright for "meet with client concerning jury verdict" (2.5 hours/$1,000): eliminated, as no discernible basis or explanation of this meeting, including the length of the meeting.

### **Costs**

- 9/11/20 entry for "retainer" ($2,500): eliminated. This appears to be a retainer paid by Plaintiff to counsel. It is unclear how this would be a reimbursable cost. Any retainer paid by Plaintiff would need to be re-paid by Plaintiff's counsel from the Court's fee and cost award to avoid double recovery.

- 8/30/22 and 8/31/22 entries for Barth "focus group" fees ($2,200): eliminated. The use of a focus group for this particular trial is unreasonable.[1]
- 9/12/22 entry for "trial sketches" ($600): eliminated. The use of this service for this particular trial is unreasonable.
- 9/12/22 entry for litigation advantage/trial tech ($2,887.50): reduced by 50%, or to $1443.75. Given the limited number of exhibits and short duration of trial, the high cost for this service is unreasonable and so is reduced.

After these reductions, the Court hereby awards Plaintiff attorneys' fees of $98,262.50, and costs of $6,816.70.[2] This shall be paid by Defendant within 30 days of this order.[3]

SO ORDERED this 14th day of November, 2022:

BY THE COURT:

/s/ J. Nicholas Ranjan
U.S. District Judge

---

[1] Even though the Court will not award the costs of the focus group, the Court will award fees for Mr. Barth's time, as it is permissible for there to be some consultation with another attorney on jury issues, and Mr. Barth's billed time was modest.

[2] This is based on Plaintiff's requested fees of $114,767.50 reduced by $16,505.00, and Plaintiff's requested costs of $13,560.45 reduced by $6,743.75.

[3] Defendant argues that some of Plaintiff's counsel's other time entries for trial preparation are excessive or duplicative. On careful review, the Court disagrees. The Court notes that while there were some "repeat" entries for trial preparation, some of those were due to the Court having to re-schedule the trial due to an uptick in the Omicron COVID-19 variant. Counsel should not be penalized for having to prepare again in light of those circumstances. Further, the Court finds it to be appropriate for Plaintiff's counsel to confer with his law partners as part of the trial preparation, and does not find that multiple billed entries here in connection with that consultation to be duplicative or unnecessary.